No. 83-546

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

MARGARET E. BLAKELY,

Plaintiff and Appellant,

-vs-

RAYMOND E. DUPRE and BEATRICE
A. DUPRE,

Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nye & Meyer, Billings, Montana

For Respondents:

Joanne M. Briese , Billings, Montana

_____

Submitted on Briefs:  February 9, 1984

Decided:  April 19, 1984

Filed:  APR 19 1984

Ethel M. Harrison
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from the Yellowstone County District Court denying Blakely's motion to limit the forty-five-day exemption provided by section 25-13-614(1), MCA, to a single, one-time exemption for any specific judgment. We affirm.

Margaret Blakely obtained judgment in the District Court of the Thirteenth Judicial District of the State of Montana against Raymond E. Dupre and Beatrice A. Dupre on October 23, 1980, in the amount of $10,924.93. Thereafter, Blakely executed on the earnings of both Raymond and Beatrice Dupre. Beatrice filed an affidavit of exemption pursuant to section 25-13-614(1), MCA. Raymond filed no affidavit and his wages were executed upon. On November 2, 1983, Blakely again executed on the wages of the Dupres. On November 10, 1983, both Dupres filed section 25-13-614(1), MCA, affidavits to exempt from execution their earnings within forty-five days of the levy.

Blakely then filed a motion with the District Court to limit the Dupres to a single section 25-13-614(1) exemption and to further limit them to a single exemption between themselves as husband and wife. On December 6, 1983, the District Court denied Blakely's motion. Blakely herein concedes that both husband and wife are entitled to separate, individual forty-five-day exemptions under section 25-13-614(1) but appeals the District Court's order refusing to limit the exemption to a single forty-five-day exemption for each judgment.

The only issue before this Court is whether the forty-five-day exemption on the personal earnings of a

2

judgment debtor is limited to a single, one-time exemption per judgment under section 25-13-614(1), MCA, or whether the exemption may be claimed for an unlimited number of forty-five-day periods.

The portion of the statute at issue states:

> "25-13-614. Earnings of judgment debtor. (1) Except as provided in this section, the earnings of the judgment debtor for his personal services rendered at any time within 45 days next preceding the levy of execution or attachment, when it appears by the debtor's affidavit or otherwise that such earnings are necessary for the use of his family supported in whole or in part by his labor, are exempt."

The language of the statute is clear. There is no limit to the number of times a judgment debtor can claim the forty-five-day exemption on earnings for personal services. Appellant Blakely argues that to construe the statute as allowing for multiple exemptions makes the vast majority of persons who work for wages or salary exempt from execution and therefore virtually judgment free. This may well be the case.

However, in construing a statute, the rule is that the Court must simply ascertain and declare ". . . what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. It is within the purview of the legislature and not that of this Court to modify the exemption provisions of a statute. Since the legislature has not elected to change this provision, it is beyond the scope of this Court's authority to do so. Consequently, the District Court ruled properly in denying Blakely's motion to limit the exemption to a single forty-five-day exemption per judgment.

Affirmed.

_____
Chief Justice

3

We concur:

_John Conway Harrison_

_Daniel J. Shea_

_L. C. Gulbrandson_

_John R. Morrison_
Justices